

## IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

### NO. AP-77,103

**OTIS T. MCKANE, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL FROM CAUSE NO. 2017CR1505
### IN THE 379TH DISTRICT COURT
### BEXAR COUNTY

*Per curiam.*

### ORDER

The above-styled and numbered cause is pending before this Court as a result of

Appellant's capital murder conviction and resulting sentence of death in the 379th District

Court of Bexar County, Cause No. 2017CR1505, styled The State of Texas v. Otis Tyrone

McKane. On May 25, 2022, Appellant filed in this Court a motion to abate this cause.

In his motion, Appellant asserts that "the trial court had conversations in Spanish

with venirepersons" when it "conducted general voir dire and heard exemptions and

qualifications for the venire panel." Appellant requests this Court to "abate this appeal so

that these Spanish portions of the reporter's record may be transcribed into English and included in the record of this case." We deny this request because Appellant is not entitled to have general assembly voir dire information included in the reporter's record. *See Chambers v. State,* 903 S.W.2d 21, 31 (Tex. Crim. App. 1995) (holding that a trial court did not abuse its discretion in failing to direct its court reporter to record the questioning of prospective jurors in the general assembly).

Appellant also complains that the reporter's record does not contain the transcript of a "motion hearing" that occurred on March 3, 2019.[1] Because the trial court is in a better position to determine the accuracy of the record, we abate the appeal and remand this cause to the trial court to resolve this particular issue. The trial court is directed to make findings of fact regarding whether or not a motion hearing occurred on March 3, 2019 that should have been included in the reporter's record. If the hearing has been omitted from the reporter's record, then the trial court shall direct the court reporter to prepare, certify, and file in this Court a supplemental record containing the hearing transcript. *See* TEX. R. APP. P. 34.6(d).

The findings shall be made and any necessary supplements shall be filed within 30 days of the date of this order. Appellant's brief will be due in this Court within 30 days thereafter.

---

[1] The clerk's record indicates: "hearing held on [motion for] court order to preclude State from invading [Defendant's] 6th Amendment zone of privacy and in camera court review of fruits of search – motion granted."

IT IS SO ORDERED THIS THE 20TH DAY OF JULY, 2022.

Do not publish